UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA M. GARCIA,

                        Plaintiff,        **1:17-cv-06573-MAT**

                                        **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                        Defendant.
_____

## I.    INTRODUCTION

Represented by counsel, Lisa M. Garcia ("Plaintiff") has brought this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## II.    PROCEDURAL BACKGROUND

On April 15, 2014, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning April 11, 2014, due to

anxiety, panic attacks, depression, memory problems, and high blood pressure. Administrative Transcript ("T.") 156-68, 182. Plaintiff's applications were initially denied and she timely requested a hearing, which was held before administrative law judge ("ALJ") Bruce Fein on April 29, 2016, in Syracuse, New York. T. 32-59. On July 13, 2016, the ALJ issued an unfavorable decision. T. 8-31. Plaintiff's request for review was denied by the Appeals Council on June 22, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

### III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Act through December 31, 2019. T. 13. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since her alleged onset date. *Id*. At step two, the ALJ determined that Plaintiff had the severe impairments of generalized anxiety disorder, unspecified depressive disorder, diabetes, and obesity. *Id.* The ALJ further found that Plaintiff's breast cancer in remission, hypertension, hyperlipidemia, hearing loss, left arm mobility problems, pinched nerve in her leg, and low back pain were all non-severe. T. 14. At step three, the ALJ considered Plaintiff's impairments and found that singly or in combination, they

did not meet or medically equal the severity of a listed impairment. T. 15.

Prior to proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to lift and/or carry ten pounds frequently and twenty pounds occasionally; sit for a total of six hours in an eight-hour workday; stand and/or walk for a total of six hours in an eight-hour workday; and occasionally climb, balance, stoop, kneel, crouch, and crawl. The ALJ further found the Plaintiff would be able to perform unskilled work that is limited to simple, routine, and repetitive tasks and that she retains the ability to work in a low-stress job, requiring only occasional decision-making, occasional changes in the work setting, and occasional judgment. T. 18.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. T. 23. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. T. 25. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. *Id.*

## IV. DISCUSSION

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see Green-Younger v. Barnhart*, 335

F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the district court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). This deferential standard is not applied to the Commissioner's application of the law, and the district court must independently determine whether the Commissioner's decision applied the correct legal standards in determining that the claimant was not disabled. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984).

Plaintiff's sole argument in this case is that the ALJ's step five determination was not supported by substantial evidence. In particular, Plaintiff contends that the ALJ's reliance on the Medical Vocational Guidelines (the "Grids"), rather than a vocational expert ("VE"), was inappropriate because Plaintiff's non-exertional limitations significantly diminished her work capacity.

**B.  The ALJ's Step Five Determination**

Plaintiff contends that the ALJ's step five determination was not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ indicated in his decision that he had taken into consideration several of the "moderate limitations" identified by Plaintiff's psychiatrist Dr. Thundathill Abraham and that these moderate

-4-

limitations were significant enough to preclude reliance on the Grids. For the reasons discussed below, the Court disagrees.

On April 11, 2016, Dr. Abraham completed a "check the box" mental capacity assessment for Plaintiff. Dr. Abraham opined that Plaintiff had no limitations in her ability to carry out very short and simple instructions, ask simple questions or ask for assistance, maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, and be aware of normal hazards and take appropriate precautions. T. 623-25. Dr. Abraham further opined that Plaintiff had slight limitations in her ability to remember locations and work-like procedures, carry out detailed instructions, and sustain an ordinary routine without special supervision. T. 623-24. He also indicated that Plaintiff had moderate limitations (defined as "[t]he individual can generally perform satisfactorily in this area but not always") in her ability to understand and remember very short and simple and detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, interact appropriately with the general public, respond appropriately to changes in the work setting, travel in unfamiliar places or use public transportation, and set realistic goals or make plans independently of others. T. 623-25. Dr. Abraham assigned no "marked" or "extreme" limitations for any of Plaintiff's abilities. *Id.* He selected "unknown" for the assessment's section pertaining to sustained concentration and

-5-

persistence, including an estimate of how many absences Plaintiff would likely have in an average month. T. 624. Finally, he noted that Plaintiff's "depression, anxiety, [and] panic attacks" were the medical/clinical findings that supported his opinions. T. 623, 625.

Plaintiff contends that the ALJ's step five conclusion was erroneous because the ALJ adopted the moderate limitations identified by Dr. Abraham, and therefore should not have relied upon the Grids to conclude that Plaintiff was not disabled. However, Plaintiff's argument is based on a misreading of the ALJ's decision. Contrary to Plaintiff's contentions, the ALJ's decision does not indicate that he has adopted the moderate limitations identified by Dr. Abraham. Instead, the ALJ explained that Dr. Abraham had seen Plaintiff on only two occasions since her alleged onset date, and that his treatment notes from those occasions were "fairly benign."  T. 23. The ALJ expressly rejected Dr. Abraham's conclusion that Plaintiff was moderately limited in appropriately dealing with the general public, explaining that it was inconsistent with the opinion of consultative examiner Dr. Kristina Luna. *Id*. With respect to the other moderate limitations identified by Dr. Abraham, the ALJ explained that, to the extent these limitations were supported by the record, he had accounted for them by limiting Plaintiff to performing simple tasks in a low-stress work environment. *Id.* Plaintiff's argument is therefore based on an unsupported reading of the ALJ's decision, inasmuch as the ALJ did not make a wholesale

adoption of the moderate limitations identified by Dr. Abraham as Plaintiff claims.

Plaintiff particularly claims that Dr. Abraham stated that she was moderately limited in her ability to understand and remember short and simple instructions, and that this was unaccounted for in the ALJ's RFC finding. However, Plaintiff fails to mention that Dr. Abraham also checked the box for "no limitations" for the ability to carry out short and simple instructions and checked the box for only "slight limitations" for the ability to carry out detailed instructions. Plaintiff makes no attempt to reconcile this apparent inconsistency in Dr. Abraham's opinion, nor does she explain how the ALJ's reconciliation of the conflict was improper.

To the extent that Plaintiff's moving papers can be read to implicitly argue that the ALJ was required to accept Dr. Abraham's opinion, that argument lacks merit. As a threshold matter, and as the ALJ explained, the record in this case indicates that Dr. Abraham had examined Plaintiff on only one or two occasions, entitling his opinion to less weight. *See Petrie v. Astrue*, F. App'x 401, 405 (2d Cir. 2011) ("[A] physician who only examined a claimant 'once or twice' did not see that claimant regularly and did not develop a physician/patient relationship with the claimant. . . . As a result, . . . such a physician's medical opinion was not entitled to the extra weight of that of a treating physician.") (internal quotation omitted).

In any event, even were Dr. Abraham to be considered a treating physician, the ALJ articulated good, well-supported reasons for assigning less than controlling weight to Dr. Abraham's opinion. This Circuit has repeatedly held that although a treating physician's medical opinion generally receives deference, it is not afforded controlling weight when, as here, it is "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004) (internal citations omitted); *see also* 20 C.F.R. § 404.1527(d)(2). In this case, Dr. Abraham's opinion was unsupported by his own treatment notes and the thorough examination performed by Dr. Luna. The ALJ was therefore not obligated to afford it controlling weight.

Having appropriately addressed Dr. Abraham's opinion and formulated a well-supported RFC finding, the ALJ did not err in relying on the Grids. The nonexterional limitations included in the ALJ's RFC finding were not of the type to prevent Plaintiff from performing the basic mental demands of competitive and unskilled work. Understanding, carrying out and remembering simple instructions, use of judgement, responding appropriately to supervision, co-workers and unusual work situations, and dealing with changes in a routine work setting are all included in the Social Security Administration's definition of basic work activities for unskilled work. *See Lawler v. Astrue*, 512 F. App'x 108, 111-12 (2d Cir. 2013). When a claimant's impairments do not significantly limit her ability to perform these basic work activities,

an ALJ may rely on the Grids to adjudicate the claim. *See Woodmancy v. Colvin*, 577 F. App'x 72, 76 (2d Cir. 2014) (affirming use of the Grids where the RFC limited the claimant to "understand, carry out, and remember simple instructions . . . respond appropriately to supervision, coworkers, and usual work situations and to deal with changes in a routine work setting"). Here, the ALJ's RFC finding limited Plaintiff to performing simple, routine, repetitive tasks, in low-stress jobs, defined as requiring no more than occasional decision-making, occasional changes in the work setting, and occasional judgement. T. 18, 24-25. None of these restrictions were so limiting as to prevent Plaintiff from finding meaningful employment performing competitive and remunerative unskilled work in the national economy. *See Torres v. Comm'r of Soc. Sec.*, No. 15-CV-1382 (KBF), 2016 WL 3911980, at *12 (S.D.N.Y. July 15, 2016) ("None of the exertional limits identified by the ALJ . . . [including] no more than occasional decision making or exercise of judgement . . . no interaction with the public; [and] occasional work-related interaction with co-workers and supervisors . . . narrows plaintiff's possible range of unskilled work so as to deprive [her] of meaningful employment opportunities."). Accordingly, the ALJ's reliance on the Grids in the present case in adjudicating Plaintiff's claim was appropriate. *See Jordan v. Comm'r of Soc. Sec.*, 194 F. App'x 59, 61 (2d Cir. 2006) (application of the Grids is appropriate "when the claimant's non-exertional impairments do not significantly limit the range of work permitted by [the

claimant's other] limitations") (internal quotations omitted and alteration in original). The Court therefore finds no error in the ALJ's step five determination and concludes that remand of this matter is not warranted.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 12) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              **S/Michael A. Telesca**

                                              HON. MICHAEL A. TELESCA
                                              United States District Judge

Dated:     June 18, 2018
             Rochester, New York